UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                    Case No. 6:08-bk-04327-KSJ
                                                          Chapter 11

    MIRABILIS VENTURES, INC.,

        Debtor.

_____/

    MIRABILIS VENTURES, INC.,                      Adv. Pro. No. 6:08-ap-00222-KSJ

        Plaintiff,

v.

    RICHARD E. BERMAN;
    BERMAN, KEAN & RIGUERA, P.A.;
    JOSE RIGUERA; and
    ELENA WILDERMUTH,

        Defendants.

_____/

**MOTION FOR WITHDRAWAL OF THE REFERENCE,
INCORPORATED MEMORANDUM OF LAW AND DEMAND FOR JURY TRIAL**

COME NOW RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A.,

JOSE RIGUERA, AND ELENA WILDERMUTH ("**Defendants**"), and state as follows:

**Introduction**

This is a non-core Adversary Proceeding asserting tort claims of negligence,

breach of fiduciary duty, and for an equitable accounting brought by the debtor,

Mirabilis Ventures, Inc. ("Mirabilis"). Mirabilis and other related entities have been

indicted for alleged federal criminal violations in connection with the activities

described in the Complaint (See Case No. 6:08-cr-00231-JA-KRS, U.S. Dist. Ct., M.D. Fla., D.E. 1).

The principal and controlling person of Mirabilis, Frank Amodeo ("Amodeo"), has not only been indicted, he has plead guilty to criminal violations in connection with these activities.  In both his written Plea Agreement with the Government, and in open court at his Change of Plea Hearing, Amodeo has admitted under oath his criminal responsibility for illegally diverting $181,000,000 of federal payroll withholding tax trust funds (asserting however in the Plea Agreement that the total is "only" $172,000,000). (See Case No. 6:08-cr-00176-JA-GJK-1, U.S. Dis. Ct., D.E. 38, 41).

By this Motion, Defendants request that the District Court withdraw the reference of this adversary proceeding and effectively transfer it to the District Court so that it may be heard by The Honorable John Antoon, II, United States District Judge. The matters alleged are non-core claims, the Defendants demand a jury trial, and the interests of judicial economy will be served as Judge Antoon currently has jurisdiction over some of the related civil and criminal proceedings involving both Mirabilis and Amodeo.

1.      Defendants respectfully demand a trial by jury on all triable issues pursuant to the Seventh Amendment to the Constitution of the United States of America and F.R.Civ.P. 38(b)(1).

2.      Defendants do not consent to a jury trial before the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9015.

3.      As will be explained more fully herein, jurisdiction is improperly placed in the Bankruptcy Court, and this case should be transferred to the District Court.

## Summary of Relief Requested

4.      Pursuant to 28 U.S.C. § 157(b), and in the interest of the policies underpinning the Bankruptcy Code and in the interest of judicial economy, the reference of this adversary proceeding to the Bankruptcy Court must be withdrawn, and this action should be heard by the District Court.   Defendants ask the District Court to withdraw the reference, and transfer this case to the District Court for trial before a jury. Specifically, Plaintiff's cause of action is non-core, and because Defendants demand a trial by jury and do not consent to trial in the bankruptcy court, the action properly belongs in District Court pursuant to § 157 and the Seventh Amendment of the Constitution.   Additionally, section 157(b)(5) requires mandatory withdrawal of the reference because the Plaintiff's cause of action is founded in personal injury tort law. The following sets forth the legal authority and argument supporting these conclusions.

## Brief Factual Background

5.      Mirabilis Ventures, Inc., is the Debtor in main bankruptcy case and the Plaintiff in this adversary proceeding.

6.      On May 27, 2008, the Plaintiff filed a chapter 11 bankruptcy petition in this Court (Doc. No. 1; main case).

7.      On December 5, 2008, the Plaintiff filed this adversary proceeding.

8.      The Complaint (Doc. No. 1) includes the following counts:

- Negligence

- Breach of Fiduciary Duty and Self-Dealing

- Equitable Accounting

- Negligent Misrepresentation

- Professional Negligence

- Negligent Supervision

9.      The Complaint alleges that the counts comprise "core" matters.

10.      On November 26, 2008, the principal of the Plaintiff, Frank Amodeo, filed a complaint in Orange County Circuit Court (case number 08-CA-31333) which is substantially similar to the complaint filed by the Plaintiff in this adversary.

11.      The following related cases are pending in U.S. District Court before The Honorable John Antoon[1]:

- *U.S. v. AEM, Inc., Mirabilis Ventures, Inc., et al.*, Case No. 6:08-cr-00231-JA-KRS
- *U.S. v. Amodeo*, Case No. 6:08-cr-00176-JA-GJK

### Withdrawal of the Reference

12.      The district courts have original, non-exclusive jurisdiction over civil matters that arise under or are related to cases under title 11.   28 U.S.C. § 1334(b). Related proceedings are those where the "outcome . . . could conceivably have any effect on the estate being administered in bankruptcy." 1 Collier on Bankruptcy ¶ 3.01[4][c][ii] (15th ed. 2008).   The district courts are directed to *refer* "all proceedings arising under

---

[1] There are additional cases involving Mirabilis or Amodeo which are pending in the District Court for the Middle District of Florida, including *Mirabilis Ventures, Inc., et al. v. Palaxar Group, LLC, et al.*, Case No. 6:07-cv-01788-JA-GJK, which is also pending before Judge Antoon.

title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district. 28 U.S.C. § 157(a). But the district courts may withdraw the reference of a case or proceeding if the standards set forth in section 157 are satisfied. 28 U.S.C. § 157(d).

13.    In order to avoid the constitutional problems discussed by the Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982), Congress created the distinction between "core" and "non-core" bankruptcy proceedings. *See Cont'l Nat'l Bank v. Sanchez ( In re Toledo)*, 170 F.3d 1340, 1347 (11th Cir. 1999). If a proceeding is core, then the district court applies traditional standards of appellate review to the bankruptcy court's findings. *See id.*; *see also* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013. Conversely, if a proceeding is non-core, then the bankruptcy court is permitted only to submit proposed findings of facts and conclusions of law subject to *de novo* review by a district court.

14.    "Core" proceedings are defined by section 157(b)(2) of title 28, which sets forth a non-exclusive list of matters defined as "core." 28 U.S.C. § 157(b)(2)(A)-(P). The items A through P in the list can generally be grouped into four categories plus a "catchall" category defined by subsection (O).[2]  1 Collier on Bankruptcy ¶ 3.02[3] (15th ed. 2008).

---

[2] Collier's discusses five categories: (1) matters of administration, (2) avoidance actions; (3) matters concerning property of the estate, (4) omnibus categories, and (5) cases filed under chapter 15 of the Bankruptcy Code.  The fourth category (omnibus) includes only two of section 157(b)(2)'s items: (C) – "counterclaims by the estate and against persons filing claims against the estate"; and (O) – "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."  Collier's later refers to subsection (O) as the "catchall" because all the other items in section 157(b)(2)'s list arise directly from the bankruptcy case.

15.     Subsection (O) is cited by the Plaintiffs in their complaint as the only basis for "core" jurisdiction.  This subsection provides as follows:

> Core proceedings include, but are not limited to – . . . other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, *except personal injury tort or wrongful death claims.*

28 U.S.C. § 157(b)(2)(O) (emphasis added).   The bankruptcy judge has authority to determine whether a proceeding is core, and the determination includes consideration (but not solely) of whether the resolution of the proceeding may be affected by State law. 28 U.S.C. § 157(b)(3).  Rather, the nature or source of the cause of action and not the governing substantive law is to be determinative.  1 Collier on Bankruptcy ¶ 3.02[6][a] (15th ed. 2008).

16.     Subsection (O) expressly excludes causes of action founded in personal injury tort law from "core" jurisdiction.  Further, section 157(b)(5) provides that causes of action founded in personal injury tort *must* be heard in the district court and not in the bankruptcy court:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

17.     Accordingly, if a cause of action falls within Section 157(b)(5), the district court <u>must</u> withdraw the reference and such an action must be heard by the District Court.

18. The jurisdictional framework governing bankruptcy cases further provides that the district court has discretion to withdraw the reference. 28 U.S.C. § 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. 157(d) (emphasis added). Section 157(d) does not refer to "core" or "non-core" proceedings but rather "any proceeding," thereby permitting even "core" proceedings to be withdrawn. 1 Collier on Bankruptcy ¶ 3.04[1] (15th ed. 2008).

## The Jury Trial Issue

19. Jury trials are permitted in bankruptcy court only where all the parties have expressly consented to such jury trial.[3] 28 U.S.C. 157(e); *see also Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 279 (M.D. Fla. 2002) (Conway, J.). It has been held that the inability of the bankruptcy court to hold a jury trial without the parties' consent is sufficient grounds for withdrawing the reference. *See Control Center*, 288 B.R. at 279 ("unless Lauer consents to trial by jury before the bankruptcy court, or in the alternative, Lauer waived his right to a jury trial by filing a counterclaim, this matter must be transferred to the district court"); *Growers Packing Co. v. Community Bank of Homestead*, 134 B.R. 438 (Bankr. S.D. Fla. 1991). But in some cases the district court will order that the reference not be withdrawn until the case is ready for trial, leaving pretrial motions to the bankruptcy judge. *See, e.g., Official Comm. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 27-28 (S.D.N.Y. 2003). In such cases the familiarity of the bankruptcy court with the matters

---

[3] Although such express consent can be implied from the party's filing of a counterclaim in the proceeding.

at issue makes that court a more efficient forum for the pre-trial matters.  But where the matters at issue do not directly involve the bankruptcy case itself, and as here, where the District Court has taken jurisdiction over several related civil and criminal matters[4] then it is  more economical to try the entire case in District Court.  This is the case here.

20.    If the parties fail to consent to a jury trial of non-core issues before a bankruptcy judge and the Seventh Amendment affords a right to trial by jury, withdrawal is appropriate. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 n. 5 (9th Cir. 1990). To fail to withdraw the reference could cause a violation of either the Seventh Amendment or the statutory provisions applicable to bankruptcy jurisdiction:

> If the district courts refused to review bankruptcy court jury verdicts on noncore matters with the de novo standard, they would be acting contrary to express statutory mandate, *see* section 157(c)(1). Yet, if they reviewed the bankruptcy court verdicts *de novo* they would be at odds with the [re-examination clause of the] Seventh Amendment.

*Id.* at 1451.

## I.  The District Court Should Withdraw the Reference Because the Issues are Non-Core and the Defendants Have Demanded a Trial by Jury

21.    In a relatively recent case involving the withdrawal of the reference, Judge Conway has held that only two factors are necessary to determine whether the

---

[4] The Plea Agreement and anticipated resulting criminal conviction of Amodeo (Amodeo's sentencing is scheduled for February 19, 2009) which is based on Amodeo's sworn admissions directly contrary to the allegations contained in the Adversary Complaint, give rise to the possibility of inconsistent results in adjudication of the same set of operative facts which give rise to the claims asserted by Mirabilis.  Having the proceedings determined in the same court before the same judge would serve the goals of judicial economy and avoiding inconsistent results.  Likewise, if Mirabilis is convicted in the pending proceedings before Judge Antoon, the same considerations regarding judicial economy and inconsistent results would also apply.

movant's request for withdrawal of the reference should be granted: first, whether the claims are core or non-core, and second, whether the movant is entitled to a jury trial pursuant to the Seventh Amendment. *See Control Center*, 288 B.R. at 274 (approving motion to withdraw the reference and stating "[i]n analyzing [movant's] Motion to Withdraw Reference and for Transfer to District Court (Doc. No. 3), this Court will consider two factors: (1) whether the claims made in this adversary proceeding are core or non-core; and (2) whether Lauer is entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution on any of the claims asserted.").

## The Plaintiff's Claims are Non-Core

22.     The Plaintiff's reliance on the § 157(b)(2)(O) "catch all" for its assertion that its claims are core is misplaced.

23.     The bare fact that a potential recovery could affect the reorganization plan and the Plaintiff's "debtor-creditor relationship" with the Defendant is insufficient to trigger "core" status of the Plaintiff's claims.  Such a reading would completely obliterate the distinction between core and non-core altogether. This conclusion has already been reached by the Middle District Court in *Control Center*:

> With respect to the catch-all provision cited by Control Center, while the claims in this adversary proceeding could conceivably result in a damage award affecting Control Center's debtor-creditor relationships and the company's reorganization plan, if this Court found core jurisdiction on that basis, then virtually any claim would entitle a bankruptcy court to enter final judgment. *See Marill Alarm Systems, Inc., v. Equity Funding Corp (In re Marill Alarm Systems, Inc.)*, 81 B.R. 119, 123 (S.D.Fla. 1987) *aff'd without opinion*, 861 F.2d 725 (11th Cir. 1988). This Court finds that such a broad construction of § 157 would "ignore the constitutional proscription" limiting the jurisdiction of bankruptcy courts as set forth by the Supreme Court in *Northern Pipeline*. *Id.*

*Control Center*, 288 B.R. at 276.   Therefore, this Court must determine whether the Plaintiff's claims should be considered "core" or "non-core."

24.    Under § 157, core proceedings are those "arising under title 11 or arising in a case under title 11," while "non-core" proceedings are synonymous with those "otherwise related" to the bankruptcy estate.  *Control Center*, 288 B.R. at 276 (*citing Cont'l Nat'l Bank v. Sanchez ( In re Toledo)*, 170 F.3d 1340, 1349 (11th Cir. 1999) (interpreting subsection (b)(1) and (c)(1) of 28 U.S.C. § 157)).

25.    In *Cont'l Nat'l Bank*, the Eleventh Circuit explained that core matters are those which *arise* from title 11, and provided this helpful guidance:

> [i]f the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[, it] is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under 157(c)(1) it is "otherwise related" or a non-core proceeding.

*Cont'l Nat'l Bank*, 170 F.3d at 1348 (*quoting Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) and referring to the decision as the "most helpful explanation of what is a core proceeding").

26.    Here, none of Plaintiff's claims arise from rights provided by title 11. To the contrary, all Plaintiff's claims are common-law tort claims (plus a claim for equitable relief). These common-law claims do not arise only in bankruptcy; rather, they arise only *outside* bankruptcy. The common-law claims do not invoke a substantial right created by

federal bankruptcy law.   The common-law claims can and do exist outside of bankruptcy. They are only "otherwise related" to the bankruptcy case, and are non-core.

27.    In *Control Center*, Judge Conway found claims for breach of contract, defamation, and trademark misappropriation to be independent of the bankruptcy code or any other federal law, and held they were non-core. 288 B.R. at 277.   This Court should find the common-law Plaintiff's claims in this case to be similarly non-core.

### Defendants Demand a Jury Trial and
### Do Not Consent to Trial in the Bankruptcy Court

28.    The United States Supreme Court has held that, as a general rule, monetary relief is legal in nature, and that claims for such relief give rise to a right to a trial by jury. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352, 118 S.Ct. 1279 (1998).

29.    All of Plaintiff's claims but one demand monetary relief which is legal, as opposed to equitable, in nature, and as such, give rise to a right to trial by jury.  With regard to the single equitable claim, the Supreme Court has determined that if a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether*, 415 U.S. 189, 196 n. 10, 94 S.Ct. 1005 (1974) (internal citations omitted). The right to a jury "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Tull v. U.S.*, 481 U.S. 412, 425, 107 S.Ct. 1831 (1987); *Burns v. Lawther*, 53 F.3d 1237, 1242 (11th Cir. 1995) ("When legal and equitable claims are joined in the same action, the right to jury trial on the legal claims, including all issues common to both claims,

remains intact"); *see also Wall v. Trust Co. of Ga.*, 946 F.2d 805, 808 n. 1 (11th Cir. 1991) (accord).

30.    Moreover, the Middle District has held that the Constitution prohibits any trial by jury of non-core matters in the bankruptcy court – regardless of whether the claims are legal or equitable.  *See e.g. Naturally Beautiful Nails, Inc. v. Wal-Mart Stores, Inc. (In re Naturally Beautiful Nails, Inc.)*, 252 B.R. 574, 576 (Bankr. M.D. Fla. 2000) ("the Constitution prohibits trial by jury [in bankruptcy court] in a non-core or related matter").[5]

31.    The Defendants have the right pursuant to the Seventh Amendment to the Constitution of the United States to a trial by jury.

32.    The Defendants have properly demanded a trial by jury.

33.    The Defendants do not consent to a jury trial in the Bankruptcy Court, nor have the Defendants filed a counterclaim in this proceeding, nor a proof of claim in the bankruptcy case, which could possibly be deemed a submission to the bankruptcy court's jurisdiction.

34.    Because jury trials are not permitted in bankruptcy courts if the parties do not so expressly consent, and because the Plaintiff's claims are non-core, pursuant to § 157 and the Seventh Amendment of the Constitution of the United States of America, the

---

[5] In *Control Center*, this Court, discussing *Naturally Beautiful Nails* and the Constitutional problem, noted that "[b]ecause a district court's *de novo* review of a bankruptcy court's findings on all non-core matters is incompatible with the reexamination clause of the Seventh Amendment, this Court finds grave problems with that standard of review."

District Court must withdraw the reference and transfer the case to the District Court for

trial.

### II. The District Court Should Use its Discretionary Authority to Withdraw the Reference in the Interest of Judicial Economy

35.     The facts and law involved with Plaintiff's claims are largely unrelated to

and separate from its bankruptcy case, yet, as described above, the facts are substantially

similar to cases already pending in the District Court and in which Amodeo, the

principal of Mirabilis, has admitted to facts which are directly contrary to the allegations

in this adversary proceeding complaint.

36.     The District Court is already hearing more than one case involving the

Plaintiff, and unlike the bankruptcy case, these cases do feature facts and law that are

common to the instant cause of action.

37.     Even if the Bankruptcy Court were to hold the trial, it may only issue

proposed findings of fact and conclusions of law which the District Court must still

review *de novo*.

38.     Because the District Court is already involved in more than one case with

the Plaintiff, and is already familiar with common facts involved in this complaint, it

would be redundant and wasteful of judicial resources for the Bankruptcy Court to re-

map the same ground.

39.     Therefore, pursuant to § 157(d), the District Court should exercise its

discretionary authority to withdraw the reference and transfer the case to the District

Court in the interest of judicial economy.

### III.  Mandatory Withdrawal is Appropriate Pursuant to § 157(b)(5)

40.    Section 157(b)(5) requires the District Court to withdraw the reference for matters involving personal injury tort.

41.    Four of the six counts in Plaintiff's Complaint are personal injury torts founded in traditional non-intentional tort negligence (negligence, professional negligence, negligent misrepresentation, and negligent supervision). The fifth count for breach of fiduciary duty is arguably a personal injury tort but in any case arises from the same facts and circumstances giving rise to the four negligence-based counts.  The sixth count for an equitable accounting is the only count not founded in personal injury tort, but is a complaint that is still derivative of the other counts.

42.    In the Middle District, courts hew to a broader reading of "personal injury tort" beyond those involving physical injuries to include personal injury torts involving economic harms.  *Control Center*, 288 B.R. at 286 (finding plaintiff's "claim for defamation must be tried in a district court, since a district court is required to order that personal injury tort claims be tried in a district court").  Courts in other circuits have interpreted the phrase "personal injury tort" along a spectrum, beginning from a narrow definition including only those featuring a trauma or physical injury, *see e.g. Massey Energy Co v. West Va. Consumers for Justice*, 56 C.B.C. 2d 1585 (E.D. Va. 2006).

43.    Because the District Court may withdraw a case in whole or in part, if for instance the Plaintiff were to amend the Complaint to add claims not founded in personal injury tort (as are the current claims), the District Court must still try the claims involving personal injury torts, but could leave the non-personal-injury-tort claims to be

tried in Bankruptcy Court. But, even though this may be technically possible, in the interests of judicial efficiency the District Court should hear all the claims to avoid redundant litigation.

44.    Because withdrawal is mandatory when the proceeding involves personal injury tort claims, and because this proceeding involves personal injury tort claims, the District Court must order the case to be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose.  In both cases, the proper venue is the Middle District of Florida.

WHEREFORE, the Defendants request that the Court withdraw the reference to the Bankruptcy Court, and transfer the case to District Court for all further proceedings, and for such other and further relief as is just and proper.

Dated this 2nd day of January, 2009.

WINDERWEEDLE, HAINES,
WARD & WOODMAN, P.A.
390 North Orange Ave., Suite 1500
Orlando, Florida 32801
(ofc) (407) 423-4246
(fax) (407) 423-7014
e-mail:  bsaxton@whww.com

  /s/ Bradley M. Saxton, Esq.    .
Bradley M. Saxton, Esq.
Florida Bar No. 0855995

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to the following:

*Via Electronic Transmission or United States Mail*

All CM/ECF participants in this case

U.S. Trustee, 135 West Central Blvd, Orlando, FL 32801

Mirabilis Ventures, Inc.
c/o R.W. Cuthill Jr.
341 Maitland Blvd, Suite 120
Maitland, FL 32751

Elizabeth A Green
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue, Suite 600
Orlando, FL 32801

Jimmy D Parrish
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802

  /s/ Bradley M. Saxton, Esq.    .
        Bradley M. Saxton, Esq.
        Florida Bar No. 0855995