# *TRANSCRIPT OF PROCEEDINGS*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



CASE NO: 2008-4327, CHAPTER 11
IN RE: MIRABILIS VENTURES, INC.,
ADVERSARY NUMBERS : 2008-222, 2008-223, 2008-227, 2008-228

---

HEARING

BEFORE:       KAREN JENNEMANN,
                U.S. BANKRUPTCY JUDGE

**FILED**

APR 1 5 2009

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

DATE:          FEBRUARY 19, 2009

APPEARANCES:
ON BEHALF OF MIRABILIS:                  ELIZABETH GREEN, ESQUIRE

ON BEHALF OF 222:                     BRAD SAXTON, ESQUIRE
                                           DAVID KELLER, ESQUIRE

ON BEHALF OF RACHLIN COHEN & HOLTZ,
LAURIE HOLTZ, JOSE MARRERO:           JOE DEMARIA, ESQUIRE

ON BEHALF OF JAMES MOORE AND
COMPANY AND E. JAMES HUTTO:         CHARLES MELTZ, ESQUIRE
                                           JANELLE BROWNSON, ESQUIRE

ON BEHALF OF BUCHANAN
INGERSOLL AND ROONEY. HANS C. BEYER: DAVID KING, ESQUIRE

ON BEHALF OF SAXON GILMORE FIRM
AND HANS
BEYER:                                JOE VARNER, ESQUIRE



## Realtime Reporters, Inc.

Registered Professional Reporters
Certified Video Technicians

---

1188 Fox Forrest Circle • Apopka, Florida 32712 • (407) 884-4662 • FAX (407) 884-4664
Sandra A. Dawkins, President • Professional Reporting Since 1977






```
 1                    P R O C E E D I N G S

 2

 3          THE CLERK:  CASE NUMBER 08-4327, MIRABILIS

 4     VENTURES, INCORPORATED ADVERSARY CASE 08-222,

 5     ADVERSARY CASE 08-223, ADVERSARY CASE 08-227, AND

 6     ADVERSARY CASE 08-228. ALL INTERESTED PARTIES, PLEASE

 7     COME FORWARD AND ENTER YOUR APPEARANCES.

 8          MS. GREEN:  YOUR HONOR, ELIZABETH GREEN ON

 9     BEHALF OF MIRABILIS VENTURES.  I HAVE WITH ME BILL

10     CUTHILL, PRESIDENT OF MIRABILIS VENTURES, JENNIFER

11     EDEN OF MY OFFICE AND JUSTIN WINN ALSO OF MY OFFICE.

12          MR. SAXTON:  GOOD MORNING, YOUR HONOR.  BRAD

13     SAXTON AND WITH ME IS DAVID KELLER ON BEHALF OF ALL

14     DEFENDANTS IN ADVERSARY NUMBER 222, BERMAN KEAN AND

15     RIGUERA, RICHARD BERMAN, JOSE RIGUERA AND ELENA

16     WILDERMUTH.

17          THE COURT:  GOOD MORNING.

18          MR. DEMARIA:  GOOD MORNING, YOUR HONOR.  JOE

19     DEMARIA OF TWO CARDNESS AND ADVERSARY 223 ON BEHALF

20     OF ALL DEFENDANTS, RACHLIN COHEN & HOLTZ, LAURIE

21     HOLTZ AND JOSE MARRERO.

22          THE COURT:  VERY GOOD, THANK YOU.

23          MR. MELTZ:  JUDGE, CHUCK MELTZ AND JEANELLE

24     BRONSON ON BEHALF OF ALL DEFENDANTS IN 228, THAT'S

25     JAMES MOORE AND COMPANY AND E. JAMES HUTTO.
```

1          THE COURT:  VERY GOOD.

2          MR. KING:  YOUR HONOR, DAVID KING, OF KING

3    BLACKWELL DOWNS AND ZEHNDER AND FRITZ WERMETH IN 227

4    ON BEHALF OF BUCHANAN INGERSOLL AND ROONEY AND ALSO

5    HANS C. BEYER.

6          THE COURT:  THANK YOU.

7          MR. VARNER:  GOOD MORNING, YOUR HONOR.  I'M JOE

8    VARNER WITH KNOPIK VARNER MOORE OF TAMPA.  WITH ME IS

9    MY CLIENT HANS BEYER AND I REPRESENT MR. BEYER AND

10   THE SAXON GILMORE FIRM IN ADVERSARY 227.

11         THE COURT:  AND WE'RE HERE -- THREE OF THE FOUR

12   ADVERSARY PROCEEDINGS, MY UNDERSTANDING IS THERE'S

13   MOTIONS TO WITHDRAW THE REFERENCE THAT ARE FILED, IN

14   ONE 227, I DON'T THINK THERE HAS BEEN.  AND I MAY BE

15   INCORRECT BUT BECAUSE THEY GET AUTOMATICALLY

16   TRANSMITTED TO THE DISTRICT COURT, I NEED SOME

17   BACKGROUND.

18              SO PERHAPS MS. GREEN IF YOU COULD BRING ME

19   UP TO SPEED AS TO ANY STATUS AND THEN I'LL ASK THE

20   INDIVIDUAL CASES WHERE WE ARE.

21              BEFORE WE PROCEED ON THE MOTIONS TO

22   WITHDRAW REFERENCE, THOSE THAT -- THERE WERE SOME

23   RESPONSES I DON'T THINK THAT WERE INITIALLY

24   TRANSMITTED.  THEY NOW HAVE BEEN TRANSMITTED.  I

25   UNDERSTAND THAT THEY'VE BEEN ASSIGNED TO THREE

1    DIFFERENT JUDGES AND WE'VE ALSO MADE THE CALL THAT PERHAPS

2    THAT'S AN INEFFICIENT DECISION.

3         MS. GREEN:  YOU KNOW THE LAST TIME WE DID THAT

4    WE HAD TO FILE MOTIONS --

5         THE COURT:  I THINK YOU'RE STILL GOING TO HAVE

6    TO.  THAT WAS THE RESPONSE THAT WE GOT, SO THAT'S WHY

7    I BRING THAT UP, IS THAT YOU MAY PERHAPS CHOOSE TO

8    MAKE IT A LITTLE EASIER ON YOURSELVES.

9              ANYWAY, JUST BRING ME UP TO SPEED ON THE

10   FOUR ADVERSARY PROCEEDINGS.

11        MS. GREEN:  YES, YOUR HONOR.  THERE ARE FOUR

12   ADVERSARY PROCEEDINGS.  IN 222 THERE IS A MOTION TO

13   WITHDRAW THE REFERENCE.  IN 223 THERE'S A MOTION TO

14   WITHDRAW THE REFERENCE.  IN THE BUCHANAN THERE IS NOT

15   A MOTION TO WITHDRAW THE REFERENCE.  AND IN MOORE

16   THERE IS, THAT'S 228, THERE IS A MOTION TO WITHDRAW

17   THE REFERENCE.

18              WE'VE AMENDED THE COMPLAINT IN 222, THE

19   BUCHANAN COMPLAINT AND WE ACTUALLY INTEND TO AMEND

20   ALL OF THE COMPLAINTS ONE MORE TIME.  I'VE DISCUSSED

21   THIS WITH ALL OF THE DEFENDANTS.  WE'RE GOING TO

22   AGREE THAT WE HAVE 14 DAYS FROM ENTRY OF AN ORDER TO

23   AMEND THE COMPLAINT SO THEY'LL BE BASICALLY,

24   ESSENTIALLY DISMISSED WITHOUT PREJUDICE WITH LEAVE TO

25   AMEND.  THEY'LL HAVE 30 DAYS TO FILE THEIR RESPONSES.

1    SO I THINK THAT WILL AT LEAST TEE UP THAT PART OF GETTING

2    THE COMPLAINTS FILED AND ANSWERED.

3         THE COURT:  AND WON'T OTHERWISE DELAY ANYTHING

4    I'M ASSUMING, THE WITHDRAWAL CAN PROCEED ON AND THIS

5    WILL JUST SET THE ISSUES REGARDLESS OF WHICH COURT

6    HEARS THEM, CORRECT?

7         MS. GREEN:  EXACTLY.

8         THE COURT:  ANYTHING ELSE YOU NEED TO TELL ME?

9         MS. GREEN:  NO MA'AM.

10        THE COURT:  LET'S JUST START AT THE FIRST ONE

11   WITH 222, MR. SAXTON.

12        MR. SAXTON:  YES, YOUR HONOR, THANK YOU.  I

13   SORT OF HUDDLED WITH THE COUNSEL FOR THE OTHER

14   DEFENDANTS KNOWING THAT YOUR CALENDAR WAS FULL BUT I

15   THINK THERE'S SEVERAL FOLKS THAT CAME HERE FROM OUT

16   OF TOWN AND EVERYONE WANTS TO SAY SOMETHING.

17        THE COURT:  ABSOLUTELY.

18        MR. SAXTON:  SO I'LL BE RELATIVELY BRIEF BUT

19   I'LL GIVE A LITTLE BIT OF AN INTRODUCTION.

20        THE COURT:  WELL CALENDARS OFTEN LOOK FULLER

21   THAN THEY REALLY ARE AND IT'S NOT A PARTICULARLY BAD

22   ONE.  SO WHATEVER YOU NEED TO EXPRESS THAT, WE HAVE

23   TIME TO DO IT THIS MORNING.

24        MR. SAXTON:  YOUR HONOR, AGAIN BRAD SAXTON ON

25   BEHALF OF THE FOUR DEFENDANTS IN THE 222 ADVERSARY.

1    AS YOU KNOW, THERE HAVE BEEN FOUR COMPLAINTS FILED.

2    THEY'RE RELATIVELY SIMILAR.  ALL OF THE DEFENDANTS, I

3    THINK, HAD SORT OF A SIMILAR REACTION TO ALL OF THE

4    COMPLAINTS.  IF YOU READ THE MOTIONS TO DISMISS

5    YOU'LL FIND THAT THEY'RE ALL RELATIVELY SIMILAR.

6           YOU ARE ALSO AWARE OF THE AMODEO

7    INDICTMENT, MR. FRANK AMODEO HAS BEEN INDICTED.  HIS

8    SENTENCING WAS SCHEDULED FOR THIS MORNING, IT'S NOW

9    BEEN MOVED TO APRIL 24TH.  YOU ARE ALSO AWARE THAT

10   MIRABILIS HAS BEEN INDICTED AND MR. BAIRD'S BEEN

11   RETAINED IN THE CASE TO DEAL WITH THE CRIMINAL

12   ASPECTS OF THAT.

13          YOU MAY NOT KNOW THAT THERE ARE TWO

14   RELATED, VERY RELATED, STATE COURT CASES.  ONE IN

15   ORANGE COUNTY FILED BY MR. AMODEO HIMSELF AS THE

16   PLAINTIFF AGAINST OUR CLIENTS.  AND ANOTHER CASE IN

17   PALM BEACH COUNTY FILED AGAINST THE RACHLIN COHEN

18   DEFENDANTS REPRESENTED BY MR. DEMARIA.  IN BOTH OF

19   THOSE CASES MR. AMODEO IS THE PLAINTIFF AND IS

20   SEEKING ESSENTIALLY THE SAME CLAIMS.

21          THE COURT:  DOES HE HAVE COUNSEL IN THOSE TWO

22   CASES?

23          MR. SAXTON:  I'M SORRY?

24          THE COURT:  DOES HE HAVE COUNSEL IN THOSE

25   CASES?

```
 1              MR. SAXTON:  YES, I CERTAINLY BELIEVE SO.

 2          THE COURT:  HE DOES HAVE COUNSEL.

 3          MR. SAXTON:  AND YOU'LL HEAR MORE ABOUT THAT

 4     FROM MR. DEMARIA, YOUR HONOR.

 5              AND AS YOUR HONOR ALSO MENTIONED, WE FILED

 6     MOTIONS TO WITHDRAW.  TWO OTHER PARTIES HAVE FILED

 7     MOTIONS TO WITHDRAW.  WE'LL DEAL WITH THAT ISSUE THAT

 8     YOU REFERENCED.

 9          THE COURT:  RIGHT.

10          MR. SAXTON:  WE FILED A -- THE DISTRICT COURT

11     RULES REQUIRE YOU TO FILE A NOTICE OF PENDEN RELATED

12     CASES, AND WE CITED SEVEN DISTRICT COURT CASES --

13     MIDDLE DISTRICT CASES, IN ADDITION TO THE STATE COURT

14     CASES, THAT ARE ALL PENDING, IN HOPES THAT THEY WOULD

15     ALL FIND THEIR WAY TO THE SAME JUDGE.  SO WE WILL

16     WORK THROUGH THAT ISSUE.

17              BUT WHERE WE ARE NOW, AS MS. GREEN

18     ACKNOWLEDGED, WE ARE AT A STAGE WHERE WE ARE HERE

19     BEFORE YOU, AND THERE'S FOUR COMPLAINTS BEEN FILED,

20     BUT NOT A SINGLE PROPER COMPLAINT.  AND SHE'S AGREED

21     TO AMEND THOSE COMPLAINTS AND WE'LL HAVE OUR TIME TO

22     RESPOND.  AND WE AGREE WITH THE 14 DAYS, AND I THINK

23     ALL THE -- I BELIEVE I'M SPEAKING FOR ALL THE

24     DEFENDANTS, AND THEY CAN ALSO SPEAK FOR THEMSELVES AS

25     WELL, THAT WE WOULD LIKE A 30 DAY TIME PERIOD TO
```

1    RESPOND.  AND THEN, I ASSUME YOUR HONOR IS GOING TO WANT

2    TO SET ANOTHER STATUS CONFERENCE, AND WE WOULD

3    SUGGEST THAT THAT BE SOMETIME SET OUT IN MAY TO GIVE

4    US TIME TO RESPOND.  BECAUSE, YOUR HONOR, YOU MAY --

5    YOU WILL BE HEARING FROM, OBVIOUSLY DEPENDING ON WHAT

6    THE COMPLAINT SAYS, WE ANTICIPATE THERE BE

7    DISPOSITIVE MOTIONS IN SOME OR ALL OF THESE

8    COMPLAINTS.

9                I THINK WE'LL HAVE TO USE THAT NEXT STATUS

10   CONFERENCE TO TRY TO FIGURE OUT, YOU KNOW, CAN THEY

11   ALL GO AT THE SAME TIME.

12          THE COURT:  HOPEFULLY YOU'LL HAVE THE FORUM BY

13   THEN.  THE DISTRICT COURT IS FAIRLY PROMPT ON THESE

14   SO.

15          MR. SAXTON:  WE WILL -- SO WE NEED THAT TIME TO

16   SEE WHAT THE DISTRICT COURT DOES AND TO SEE WHAT SHE

17   DOES WITH THE COMPLAINTS.

18              SO AT THIS TIME, JUDGE, I THINK IT'S

19   IMPORTANT FOR YOU TO HEAR FROM THE OTHER PARTIES.

20   MR. KELLER, MY CO-COUNSEL, IS GOING TO GIVE YOU SOME

21   BRIEF DISCUSSION ABOUT OUR COMPLAINT AND THE OTHER

22   PARTIES WILL TALK ABOUT THEIR COMPLAINTS.

23          THE COURT:  VERY GOOD, THANK YOU.  AND MR.

24   KELLER.

25          MR. KELLER:  GOOD MORNING, YOUR HONOR.  I'M

1    DAVID KELLER.  I'M PRIVILEGED TO REPRESENT BERMAN, KEAN

2    AND RIGUERA, RICHARD BERMAN, ELENA WILDERMUTH AND

3    JOSE RIGUERA WHO ARE ALL WITH THAT FIRM.

4                I WANT TO START BY SAYING THAT IN THE

5    BRIEF TIME I HAVE HERE, I JUST WANT TO GIVE YOU A

6    LITTLE BIT OF BACKGROUND ABOUT WHY THIS CASE IS

7    DIFFERENT THAN PERHAPS MOST OF THE ADVERSARY

8    PROCEEDINGS YOU SEE.

9                THIS CASE INVOLVES ALLEGATIONS, VERY

10   SERIOUS ALLEGATIONS, AGAINST MY CLIENTS AND OTHER

11   DEFENDANTS IN THE OTHER THREE ADVERSARY PROCEEDINGS,

12   THAT WHILE PLED OR ATTEMPTED TO BE PLED IN THE VAIN

13   OF NEGLIGENCE CLAIMS, ESSENTIALLY ACCUSED THE

14   DEFENDANTS OF PARTICIPATING IN A CRIMINAL TAX FRAUD

15   CONSPIRACY TO STEAL TWO HUNDRED MILLION DOLLARS OF

16   FEDERAL PAYROLL WITHHOLDING TAXES.

17               THAT'S IMPORTANT FOR A COUPLE OF REASONS.

18   FIRST OF ALL IT'S IMPORTANT BECAUSE THOSE PAYROLL

19   TAXES WERE DUE FROM THE EMPLOYERS, AND THEY WERE NOT

20   DAMAGES CREATED BY ANY OF THESE DEFENDANTS.  THEY

21   WERE DUE, THEY WERE PAYABLE.  SECONDLY, IT'S

22   IMPORTANT BECAUSE IN 222 AND 223, THE CASES AGAINST

23   THE BERMAN KEAN DEFENDANTS AND AGAINST THE RACHLIN

24   COHEN DEFENDANTS, MR. AMODEO INDIVIDUAL, THROUGH

25   ATTORNEY MICHAEL MAYER, FROM HERE IN ORLANDO AND WITH

1    CO-COUNSEL FROM THE SEARSY DENNY FIRM IN PALM BEACH, HAS

2    ESSENTIALLY ALLEGED THE SAME DAMAGES.

3              BY ESSENTIALLY WHAT I MEAN IS IN

4    CONNECTION WITH THE RELATED CRIMINAL PROCEEDINGS, THE

5    GOVERNMENT IS SEEKING TO IMPOSE A JUDGMENT AGAINST

6    HIM FOR ONE HUNDRED EIGHTY ONE MILLION DOLLARS, WHICH

7    IS ESSENTIALLY THE SAME TWO HUNDRED MILLION DOLLARS

8    THAT'S BEEN PLED HERE.  IT'S THE SAME DAMAGES.

9              WHAT I WANT TO BRING TO THE COURT'S

10   ATTENTION IN TERMS OF WHERE WE THINK THIS CASE IS

11   GOING IS THAT THE CRIMINAL PROCEEDINGS AGAINST MR.

12   AMODEO, WHICH HAVE ALREADY RESULTED IN A PLEA

13   AGREEMENT ENTERED SEPTEMBER 23RD AND A CHANGE OF PLEA

14   HEARING WITH HIM PLEADING GUILTY UNDER OFFENSE ON

15   SEPTEMBER 24TH LAST YEAR, AND THE RELATED CRIMINAL

16   INDICTMENT OF MIRABILIS, WHICH IS PENDING, AND I

17   BELIEVE SET FOR TRIAL IN JUNE, THOSE TWO CASES RAISE

18   SOME PRELIMINARY DISPOSITIVE LEGAL ISSUES ABOUT

19   WHETHER THIS CASE CAN EVEN PROCEED.

20             BECAUSE UNDER THE APPLICABLE STATE LAW

21   REGARDING THE LIABILITY OF THE DEFENDANTS IN THESE

22   CASES, THE ACTIONS OF MR. AMODEO ARE IMPUTED TO

23   MIRABILIS AND HIS GUILTY PLEA AND ANTICIPATED

24   CONVICTION ON APRIL 24TH, WILL PROVIDE A LEGAL DEFENSE

25   TO THESE CLAIMS.  AND, ASSUMING THE MIRABILIS CASE IS

1     DISPOSED OF IN SIMILAR FASHION, THAT TOO WILL PROVIDE AN

2     ABSOLUTE LEGAL DEFENSE TO THESE CLAIMS.

3                AND SO, WHAT I THINK WE'RE ANTICIPATING IS

4     THAT SOMETIME AFTER MR. AMODEO IS SENTENCED AND

5     SOMETIME AFTER THE MIRABILIS CRIMINAL PROCEEDINGS ARE

6     RESOLVED, WHETHER IT BE HERE IN FRONT OF YOUR HONOR

7     OR WHETHER IT BE IN THE DISTRICT COURT, AFTER AN

8     ORDER WITHDRAWING THE REFERENCE, THERE WILL BE SOME

9     PRELIMINARY DISPOSITIVE MOTIONS IN ORDER BEFORE WE

10    EVEN EMBARK ON WHAT YOU MIGHT DO IN A TYPICAL

11    PROCEEDING, SETTING A SCHEDULING ORDER WITH DISCOVERY

12    AND TRIAL DATE AND SO FORTH.

13          THE COURT:  RIGHT.

14          MR. KELLER:  AND I'M HAPPY TO ANSWER ANY

15    QUESTIONS THE COURT HAS.

16          THE COURT:  NO.  I HAVE SOME BACKGROUND.  I

17    CERTAINLY HAVE NOT BEEN INVOLVED IN THE DETAILS IN

18    MINUTIA THAT ALL OF YOU HAVE BEEN, BUT I WAS

19    EXPECTING, I ASSUME YOU'RE TALKING ABOUT AN IN RE

20    PARTY DELICTOS SORT OF DEFENSE.

21          MR. KELLER:  IT IS EXACTLY THAT.

22          THE COURT:  AND I WAS NOT SURPRISED TO HEAR YOU

23    RAISE THAT.

24          MR. KELLER:  THANK YOU, YOUR HONOR.

25          THE COURT:  THANK YOU.

1      MR. DEMARIA:  GOOD MORNING, AGAIN, YOUR HONOR.  IN

2  THE 223 CASE RACHLIN COHEN, JOE DEMARIA.  THERE'S

3  ACTUALLY EVEN MORE ON POINT DEFENSE THAT YOU'RE GOING

4  TO HEAR ABOUT WHICH IS COLLATERAL ESTOPPEL.

5      THE COURT:  OKAY.

6      MR. DEMARIA:  AMAZINGLY I WAS READING ADVANCE

7  SHEETS AND THE ELEVENTH CIRCUIT ISSUED A CASE IN AN

8  IRS CRIMINAL CONVICTION WITH A FOLLOW-UP CIVIL CASE,

9  WHERE THE EXACT SAME ISSUES OCCURRED, INCLUDING

10  ALLEGATIONS BY THE DEFENDANT THAT HE HAD DIMINISHED

11  CAPACITY AT THE TIME OF HIS PLEA AND THEREFORE

12  SHOULDN'T HAVE COLLATERAL ESTOPPEL.

13      THE COURT:  WOW.

14      MR. DEMARIA:  I MEAN, I COULD TAKE MR. AMODEO'S

15  NAME AND REPLACE IT FOR MR. MONTEBIO'S NAME AND IT'S

16  THE SAME CASE.  WE HAVE TO TEE IT UP OF COURSE.  WE

17  HAVE TO HAVE A PROPER COMPLAINT, WE HAVE TO HAVE

18  THESE ISSUES IN THE CRIMINAL COURT.  MR. GOLD HAS TO

19  FINISH HIS WORK, IT WILL BE FINISHED.  AND I DO

20  BELIEVE WHETHER IT'S THE DISTRICT COURT OR YOUR HONOR

21  YOU'RE GOING TO SEE A VERY SERIOUS DISPOSITIVE MOTION

22  BY ALL OF US, WHICH TAKES US OFF THE NORMAL TRACK

23  WHERE WE COME IN, WE TAKE DISCOVERY, WE DO

24  DEPOSITIONS.  I THINK IT WOULD BE A BIG WASTE OF

25  TIME.

1    BUT, THERE'S A SECOND ISSUE I WANT TO TALK

2    ABOUT.  IN THE CURRENT COMPLAINT AGAINST MY CLIENTS

3    THAT HAVE NOW BEEN AGREED TO BE DISMISSED, THEY EVEN

4    HAVE ALLEGATIONS THAT FRANK AMODEO IS MAKING A CLAIM.

5    KIND OF STRANGE BECAUSE AMODEO IS NOT MIRABILIS.

6    BUT WHAT'S REALLY GOING ON, AND I DON'T

7    KNOW WHY MS. GREEN HASN'T TAKEN ACTION YET, AND IF

8    SHE DOESN'T WE WILL, IS THAT THERE ARE TWO STATE

9    COURT ACTIONS GOING AFTER THE SAME ASSETS, THE SAME

10   INSURANCE POLICIES, THE SAME ASSETS OF THE FIRM, ONE

11   HERE IN ORANGE COUNTY AND ONE IN PALM BEACH COUNTY,

12   AS THE CLAIMS HERE.  THEY'RE IDENTICAL IF YOU MATCH

13   UP THE COMPLAINTS.

14   NOW, MY READING OF WHAT'S BEEN GOING ON

15   BETWEEN MR. GOLD'S OFFICE AND THE CREDITORS AND THE

16   DIP, HAS BEEN THIS BANKRUPTCY IS ALL ABOUT ONE ISSUE,

17   CHASING THESE CHOSES IN ACTION.  THAT'S THE ASSETS OF

18   HIS ESTATE, THAT'S WHAT'S LEFT.

19   SO I DON'T KNOW WHY WE'RE SITTING HERE AND

20   WHY THE POWER OF THIS COURT HAS NOT BEEN ASKED YET BY

21   MS. GREEN, TO STOP THESE STATE COURT ACTIONS WHICH

22   ARE WASTING POLICIES AND ARE JEOPARDIZING THE ASSETS

23   OF THE ESTATE.  AND OF COURSE, IT'S IN MY INTEREST TO

24   NOT HAVE TO FIGHT A TWO FRONT WAR.

25   BUT THE POINT IS, IN MOST CASES I'VE BEEN

1    INVOLVED IN WITH TRUSTEES THAT ARE INVOLVED IN THIS,

2    THEY'RE NOT ALLOWING SOME OTHER ATTORNEY, LIKE JACK

3    SCEROLLA OR MIKE MAYER TO GO FORWARD AND CHASE THE

4    SAME ASSETS.  YOU KNOW, I WOULD CALL THAT LEGAL

5    EXTORTION, FRANKLY.  AND I'M BEING AS POLITE AS I

6    CAN.

7            AND THAT'S GOING TO BE ANOTHER MOTION

8    YOU'RE GOING TO SEE, AT LEAST FROM ME.  AND WE'RE

9    GOING TO TELL MS. GREEN SHE SHOULD DO IT, BUT WE KNOW

10   WHAT HAPPENED.  FRANK AMODEO HIRED MS. GREEN.  FRANK

11   AMODEO HIRED JACK SCEROLLA.  I KNOW FROM MY PRECHARGE

12   DEALINGS THEY'RE ALL WORKING TOGETHER.  IT NEEDS TO

13   COME TO A STOP.

14            SO THERE'S A COUPLE OF DISPOSITIVE MOTIONS

15   HERE, THAT I THINK EITHER YOUR HONOR OR SOMEBODY'S

16   GOING TO WANT TO HEAR TO SAY WHAT'S GOING ON HERE.

17   IF THE ONLY ASSETS OF THIS ESTATE IS THESE

18   DIMINISHING POLICIES, WHAT'S GOING ON HERE.  AND I

19   THINK IT'S IMPORTANT TO KNOW THAT THAT'S COMING.

20       THE COURT:  VERY GOOD.  THANK YOU.  THANK YOU,

21   MR. DEMARIA.  AND YOU DO CONSENT TO THE MOTION TO

22   DISMISS BASED UPON THAT AGREEMENT ALSO.

23       MR. DEMARIA:  YES, BASED ON THIS PROPOSED ORDER

24   YESTERDAY, YEA, WE'RE OKAY WITH THIS.

25       THE COURT:  VERY GOOD.  AND THEN IN THE ONE

1    THAT'S NOT SOUGHT TO GO OVER TO THE DISTRICT COURT, AT

2    LEAST AT THIS JUNCTURE, IN ADVERSARY 227. FROM BOTH

3    OF THE REPRESENTATIVES.

4        MR. KING: YOUR HONOR, THAT'S 227 AND THAT'S A

5    CASE WHERE I REPRESENT ONE HALF OF MR. BEYER AND

6    BUCHANAN INGERSOLL. I REPRESENT MR. BEYER WHILE HE

7    WORKED AT BUCHANAN INGERSOLL, AND MR. SAXTON

8    REPRESENTS HIM, I MEAN MR. VARNER REPRESENTS HIM IN

9    ANOTHER FIRM.

10        AND YOUR HONOR, WE FILED A MOTION TO

11    DISMISS, WE FILED A VERY SERIOUS MOTION TO DISMISS,

12    AND APPROPRIATELY THE OTHER SIDE DECIDED THAT THEY

13    WOULD RATHER JUST AMEND THEIR COMPLAINT AND THAT'S

14    WHAT THEY'RE GOING TO DO. BUT THEY ARE VERY SERIOUS

15    ISSUES RAISED IN THIS CASE. WE WROTE THEM LETTERS

16    BEFORE THEY FILED THIS CASE AND, I MEAN AT THE TIME

17    THEY FILED THE CASE, AND RAISED VERY POINTED FACTUAL

18    ISSUES ABOUT CERTAIN ALLEGATIONS THEY'VE MADE IN

19    THEIR COMPLAINT.

20        THEY HAVEN'T ANSWERED THOSE QUESTIONS. I

21    HOPE THEY FIX THOSE THINGS THE NEXT TIME THEY FILE

22    THIS COMPLAINT.

23        THE COURT: VERY GOOD. AND MR. VARNER FOR THE

24    SECOND FIRM MR. BEYER WORKED AT.

25        MR. VARNER: YES, YOUR HONOR, JOE VARNER FOR

1    MR. BEYER AND FOR SAXON GILMORE.

2              I GUESS I MIGHT BE A LITTLE BIT MORE BLUNT

3    THAT THE OTHER ATTORNEYS.

4         THE COURT:  THEY'RE FAIRLY BLUNT ALREADY SO,

5    THIS WILL BE GOOD.

6         MR. VARNER:  MAYBE I WON'T BE.  WE HAVE AGREED

7    TO THE ORDER DISMISSING THE COMPLAINT WITH LEAVE TO

8    AMEND BUT I NEED TO SAY ON THE RECORD TO THE COURT

9    WHAT I'VE SAID TO MS. GREEN.

10             WE DO NOT BELIEVE THEY SHOULD AMEND.  WE

11   BELIEVE THIS ACTION IS BROUGHT IN BAD FAITH.  THERE

12   ARE IN PARTICULAR, ALLEGATIONS AGAINST HANS BEYER

13   THAT ARE, IF THEY WEREN'T BROUGHT UNDER THE AUSPICES

14   OF THE LEGAL IMMUNITY OF LITIGATION, WOULD BE

15   DEFAMATION.  THERE'S NO FACTUAL BASIS FOR THEM.  THEY

16   ARE OFFENSIVE TO US.  WE DO NOT KNOW WHY THEY WERE

17   BROUGHT.  IN FACT YOUR HONOR, YESTERDAY FOR ONLY THE

18   SECOND TIME IN 25 YEARS, I SERVED A RULE 90-11

19   MOTION.  I HOPE I NEVER HAVE TO FILE IT.  I HOPE WE

20   NEVER HAVE TO ARGUE IT.

21        MS. GREEN:  YOUR HONOR, I DON'T THINK IT'S

22   APPROPRIATE FOR HIM TO DISCUSS A MOTION.

23        THE COURT:  I DON'T WANT TO KNOW ANY OF THE

24   DETAILS.  THE FACT THAT YOU'VE SERVED IT HAS BEEN

25   EXPRESSED.  I REALLY DON'T WANT TO GO THERE.  IF IT'S

1    GOING TO BE WITHDRAWN OR NOT EVER FILED, I WON'T TO NEED

2    TO KNOW THOSE.

3         MR. VARNER:  THAT'S ALL I INTEND TO SAY ABOUT

4    IT YOUR HONOR.  BUT AGAIN, BEING HERE IN COURT,

5    AGREEING TO LEAVE TO AMEND, I NEED TO LET THE COURT

6    KNOW WE DO NOT BELIEVE IT SHOULD BE AMENDED.  WE

7    BELIEVE IT SHOULD BE WITHDRAWN WITH PREJUDICE.

8         THE COURT:  OKAY.  THANK YOU.  THANK YOU VERY

9    MUCH.

10            AND JUST ON THE JURISDICTIONAL ISSUES, YOU

11   HAVE NOT OBJECTED TO THE JURISDICTION.

12        MR. VARNER:  THAT'S CORRECT.

13        THE COURT:  EITHER ONE.  VERY GOOD, THANK YOU.

14   AND THEN IN CONNECTION WITH 228, MR. MELTZ.

15        MR. MELTZ:  JUDGE I JUST NEED TO ADDRESS

16   PROCEDURALLY AN ISSUE, I WANT TO SAY WE WERE THE LAST

17   INVITEES TO THIS PARTICULAR PARTY.

18        THE COURT:  YOU'RE THE LAST NUMERICAL BUT

19   PRETTY CLOSE.

20        MR. MELTZ:  YES, SO TECHNICALLY MS. GREEN'S

21   OFFICE WAS KIND ENOUGH TO GIVE US AN EXTENSION OF

22   FILING A RESPONSE.  BECAUSE WE EMBARKED ON A PROCESS

23   WITH MS. GREEN, WITHOUT GOING THROUGH THAT, TRYING TO

24   SORT OUT WHAT WAS PLED, WAS IT PROPERLY PLED, DID IT

25   NEED TO BE THERE AND SO ON AND SO FORTH.

1           SO OUR RESPONSE IS ACTUALLY DUE TOMORROW.

2   AND I BELIEVE PROCEDURALLY WHAT WE'RE GOING TO DO,

3   SINCE IT'S COMPLETED, WE'RE GOING TO FILE OUR MOTION

4   TO DISMISS WHICH IS, IN SOME WAYS PARALLEL TO SOME OF

5   THE OTHER ONES.  I THEN ANTICIPATE WE WILL HAVE A

6   STIPULATED ORDER GRANTING IT AND THEN FOLLOW THE

7   EXACT TIME SEQUENCE IN TERMS OF GETTING AN AMENDED

8   COMPLAINT AND THE TIME TO FILE SOMETHING RESPONSIVE

9   THERETO.

10          SO SINCE OUR MOTION WASN'T ALREADY FILED,

11  I JUST WANT TO BRING THAT TO THE COURT'S ATTENTION.

12        THE COURT:  THANK YOU VERY MUCH.  ANYTHING YOU

13  NEED TO SAY IN RESPONSE, MS. GREEN?

14        MS. GREEN:  I THINK SO.  YOUR HONOR, OF THE --

15  THERE'S FOUR ADVERSARY PROCEEDINGS.  ONE AGAINST THE

16  BERMAN FIRM AND MR. BERMAN AND SOME EMPLOYEES, ONE

17  AGAINST THE RACHLIN FIRM, AND LAURIE HOLTZ, ONE

18  AGAINST THE BUCHANAN FIRM AND HANS BEYER.

19          FOR THE COURT'S INFORMATION, SINCE

20  EVERYBODY DECIDES THAT THEY WANT TO DELVE INTO THE

21  FACTS, MR. BERMAN, MR. HOLTZ AND MR. BEYER WERE ALL

22  AT ONE TIME EMPLOYED BY, AN OFFICER OF, OR IN SOME

23  WAY ASSOCIATED WITH MIRABILIS.  SO, OTHER THAN THE

24  MOORE FIRM, WHICH REALLY DID AN AUDIT, WHICH WAS THE

25  BASIS FOR THE LAWSUIT, THESE PEOPLE WERE INVOLVED

1    WITH MIRABILIS. AND THAT WAS SOME OF THE BASIS FOR THE

2    COMPLAINT AND THAT SORT OF WHAT YOU'RE HEARING HERE.

3    BUT I DON'T THINK IT'S CLEAR THAT THEY WERE ACTUALLY

4    INVOLVED WITH MIRABILIS.

5              I UNDERSTAND THAT THERE ARE SOME IMPERI

6    DELICTO ISSUES ALTHOUGH WE DON'T BELIEVE THAT THAT'S

7    GOING TO BE A DEFENSE FOR VARIOUS REASONS, NOT THE

8    LEAST OF WHICH IS MR. AMODEO WAS NOT AN OFFICER OR

9    DIRECTOR OF MIRABILIS.

10             SO I THINK THERE ARE GOING TO BE SOME

11   ISSUES THERE. I DON'T WANT TO AIR THE WHOLE LAWSUIT

12   IN FRONT OF YOU IN A PRETRIAL, I DON'T THINK IT'S

13   APPROPRIATE.

14        THE COURT: I MAY NOT EVEN BE HEARING ANY OF

15   IT.

16        MS. GREEN: RIGHT. SO, I DO WANT TO CORRECT

17   THAT I WAS NOT EMPLOYED BY MR. AMODEO. I THINK THE

18   COURT'S AWARE OF THAT. WE DISCLOSED THAT IN THE

19   APPLICATION PROCESS AND THE COURT APPROVED MY

20   APPOINTMENT.

21             BUT IN TERMS OF WHERE WE ARE. I THINK

22   IT'S, WE'LL AMEND THE COMPLAINTS, AND IT MAY WELL BE

23   THAT -- I'VE ALREADY MET WITH MOORE'S ATTORNEYS.

24   WE'VE DISCUSSED IT. THERE MAY BE SOME ALLEGATIONS

25   THAT WE REMOVE FROM THE COMPLAINT ON THAT BASIS.

1    WE'RE NOT REALLY TRYING TO BE UNREASONABLE HERE.  WE'RE

2    JUST REALLY TRYING TO FIGURE OUT EXACTLY WHAT

3    HAPPENED.  WE'LL TAKE THE FOURTEEN DAYS, THEY'LL HAVE

4    THEIR 30 DAYS, AND THEN WE'LL SEE WHAT THE DISTRICT

5    COURT DOES.

6        THE COURT:  VERY GOOD.  THANK YOU.  THANK YOU

7    VERY MUCH.

8            IN CONNECTION WITH ADVERSARY PROCEEDINGS

9    08-222, 223 AND 227, I WILL GRANT THE PENDING MOTIONS

10   TO DISMISS PURSUANT TO THE PARTIES' AGREEMENT AND

11   EXPECT AN ORDER ON THOSE THAT WILL GIVE THE PLAINTIFF

12   14 DAYS TO AMEND THE COMPLAINT, AND THEN THE RELEVANT

13   DEFENDANTS 30 DAYS TO RESPOND TO THAT.

14           IN CONNECTION WITH 228 IN WHICH THE MOTION

15   HASN'T EVEN BEEN FILED YET, BUT WITH THE AGREEMENT OF

16   THE PARTIES, I THINK YOU MIGHT AS WELL GO AHEAD AND

17   SUBMIT THE CONSENT ORDER THAT GRANTS THAT ALONG THE

18   SAME TERMS AND CONDITIONS SO THAT WE'LL BE TEED UP

19   AND AT ISSUE WHEN WE COME BACK.

20           WE'LL, UNLESS THERE'S A SIGNIFICANT

21   CONFLICT WITH ANYBODY, MY SUGGESTION WOULD BE TO COME

22   BACK MAY THE 21ST AT 2:00 P.M. SO THAT AT THAT POINT

23   IT WILL BE A SPECIAL DOCKET SO THAT YOU CAN TAKE

24   WHATEVER TIME, AGAIN, THAT YOU NEED.  SO THAT WE CAN

25   DISCUSS ANY SCHEDULING.  SO WE WOULD COME BACK ON MAY

1    THE 21ST AT 2:00 P.M.   IS THAT NOT ENOUGH TIME?

2          MS. GREEN:   THAT'S FINE.   I JUST DIDN'T KNOW IF

3    YOU WOULD CONSIDER AT THAT POINT WE'RE GOING TO ARGUE

4    ANY PENDING MOTIONS OR IT'S MORE A CALENDARING ISSUE

5    WITH WHAT WE HAVE.

6          THE COURT:   NOT KNOWING WHAT WILL BE FILED OR

7    WHERE IT WILL BE, IT'S HARD TO REALLY PREDICT.   IF

8    MOTIONS ARE FILED IN TIMELY NOTICE SO THAT THE

9    PARTIES HAVE SUFFICIENT TIME TO PREPARE, I WILL BE

10   GLAD TO HEAR ANY PENDING MOTIONS IF APPROPRIATE.   BUT

11   NOT KNOWING HOW THIS IS GOING TO PLAY OUT IN THE NEXT

12   FEW MONTHS I DON'T KNOW IF THAT'S GOING TO HAPPEN OR

13   NOT.

14          SO IT REALLY IS UP TO THE PARTIES.   IF YOU

15   WANT TO -- AND BY TIMELY NOTICE OF ANY DISPOSITIVE

16   MOTION, I REQUIRE 30 DAYS NOTICE SO THAT THERE REALLY

17   TRULY IS TIME TO PREPARE A RESPONSE.   SO IF YOU ALL

18   DECIDE TO FILE DISPOSITIVE MOTIONS AND GIVE AT LEAST

19   30 DAYS NOTICE AND THE PLAINTIFF HAS SUFFICIENT TIME

20   TO RESPOND AND YOU CAN TEE IT UP, I'LL BE GLAD TO

21   HEAR IT.   YOU'LL HAVE PLENTY OF TIME ON MAY THE 21ST,

22   COURT TIME, TO MAKE ANY ARGUMENT YOU LIKE.   BUT, ON

23   THE OTHER HAND, I'M NOT GOING TO FORCE YOU TO DO IT

24   IF YOU'RE NOT READY TO GO AT THAT POINT.

25          SO AGAIN, I WOULD ENCOURAGE YOU ALL TO

1   WORK WITH THE DISTRICT COURT IN GETTING THAT MOVING ALONG

2   IN AN EXPEDITIOUS WAY.  IF THERE'S ANYTHING WE HAVE

3   FAILED TO TRANSMIT, LET THE CASE MANAGER, LET OUR

4   OFFICE KNOW.  BUT I THINK THAT THAT HAS BEEN FIXED.

5              IS THERE ANYTHING ELSE WE NEED TO DO

6   TODAY?  ANY OTHER ORDERS OUTSTANDING OR OTHERWISE?

7   VERY GOOD.  I MAY OR MAY NOT SEE YOU BACK.

8         [WHEREUPON COURT WAS DISMISSED AT 10:36 A.M.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                    CERTIFICATE OF OATH

2

3      STATE OF FLORIDA:

4      COUNTY OF SEMINOLE:

5

6          I, SANDRA A. MOSER, NOTARY PUBLIC, CERTIFY THAT

7      I WAS AUTHORIZED TO AND DID TRANSCRIBE, FROM CD, THE

8      FOREGOING PROCEEDINGS AND THAT THE TRANSCRIPT IS A

9      TRUE RECORD.

10

11         I FURTHER CERTIFY THAT I AM NOT A RELATIVE,

12     EMPLOYEE, ATTORNEY OF RECORD FOR ANY OF THE PARTIES,

13     NOR AM I FINANCIALLY INTERESTED IN THE OUTCOME OF THIS

14     MATTER.

15

16         DATED THIS 12TH DAY OF APRIL, 2008.

17

18     _____

19     SANDRA A. MOSER, RPR, FPR, PRESIDENT

20     STATE OF FLORIDA

21     REALTIME REPORTERS, INC.

22     407-884-4662

23     Fax: 407-884-4664

24

25     MY COMMISSION NO:  DD115338

26     MY COMMISSION EXPIRES:  MAY 6, 2010